UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

EVELYN DOYLE,

Plaintiff,

v.

NCL (BAHAMAS) LTD.,

Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, EVELYN DOYLE, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, NCL (BAHAMAS) LTD., (hereinafter "NCL"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, EVELYN DOYLE is and was a resident of the state of California.

4. At all times material hereto, NCL was incorporated in Bermuda, and had its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, NCL owned, operated, maintained, managed, and/or controlled the cruise ship the *Norwegian Bliss*.

7. On or about May 12, 2019, EVELYN DOYLE was a fare-paying passenger aboard the *Norwegian Bliss*.

8. On or about May 12, 2019, EVELYN DOYLE was walking into her cabin when she tripped on a poorly maintained step in her cabin.

9. As a result of this incident, EVELYN DOYLE sustained serious injury.

10. NOTICE: NCL knew or should have known that the subject step was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on similar steps aboard the *Bliss* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and believe NCL has received several passenger complaints/comments about the unreasonably dangerous nature of the cabin steps in its fleet. In addition, upon information and belief, knew or should have known that the cabin steps on *Bliss* were unreasonably dangerous as a result of its participation design and construction of the *Bliss* and approval of the altered design. *See Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012). Moreover, NCL knew or should have known of the unreasonably dangerous condition of its cabin steps because the design and operation methods used by NCL for these cabin steps deviated from accepted industry safety

practices. *See, Holderbaum v. Carnival,* 87 F. Supp. 3d. 1345 (S.D. Fla. 2015)(J. Lenard). NCL knew or should have known of the existence of the poorly maintained cabin steps caused the Plaintiff's fall.

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

11. <u>DUTIES OWED</u>: At all times material hereto, NCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Norwegian Bliss*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See, Brown v. Carnival Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro)(citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

12. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the cabin steps.

13. NCL breached the aforementioned duties of care owed to EVELYN DOYLE in the following ways:

   a. Failing to reasonably warn passengers that the cabin steps are dangerous;

   b. Failing to reasonably warn passengers of the existence of the step in to the bathroom in the guest cabin;

  c. Failing to place warning signs in the cabin indicating that the cabin steps were dangerous;

14. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, EVELYN DOYLE, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT II**</u>
<u>**NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL**</u>
<u>**OF THE CABIN STEPS**</u>

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

15. <u>DUTIES OWED:</u> At all times material hereto, NCL had the duty to use

reasonable care under the circumstances, and to maintain and operate its vessel, the *Norwegian Bliss*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

16. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the exterior decks when wet.

17. NCL breached the aforementioned duties of care owed to EVELYN DOYLE in the following ways:

   a. Failing to provide a reasonably safe walking space for passengers, including EVELYN DOYLE, for use under foreseeable conditions;

   b. Failing to provide sufficient contrast of the change in elevation between the floor of the cabin and the bathroom;

   c. Failing to comply with applicable building, construction, design, and safety codes and regulations;

   d. Failing to design a reasonably safe walking space for passengers, including EVELYN DOYLE;

   e. Approving and implementing the design of the cabin steps, including the use of the specific design that caused EVELYN DOYLE'S fall, despite NCL's prior knowledge that these steps l

    were unreasonably dangerous and therefore, unfit for use in a cabin;

  f. Other acts of negligence to be discovered throughout discovery.

18. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, EVELYN DOYLE, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT MAINTENANCE OF THE CABIN STEPS

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

19. <u>DUTIES OWED:</u> At all times material hereto, NCL had the duty to use

reasonable care under the circumstances, and to maintain and operate its vessel, the *Norwegian Bliss*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

20. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the cabin steps.

21. NCL breached the aforementioned duties of care owed to EVELYN DOYLE in the following ways:

   a. Failing to comply with manufacturer standards/guidelines for maintaining the cabin steps;
   b. Failing to utilize a reasonable and appropriate maintenance practice and schedule for the cabin steps;
   c. Failing to resurface the cabin step and walking surface when appropriate;
   d. Failing to use reasonable care in the maintenance of the subject cabin steps.

22. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, EVELYN DOYLE, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic

damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated:   May 1, 2020
Coral Gables, Florida

                        Respectfully Submitted,

**FLANAGAN PERSONAL INJURY & WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza
Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

By:   */s/ Michael T. Flanagan*

Michael T. Flanagan, Esq.
Fla. Bar No. 0091072
Primary E-mail: mtf@Florida-Justice.com
Secondary E-mail: mtfassistant@Florida-Justice.com